# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SAMMY LEE CASEY-EL and<br>BILLY J. MITCHELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:05-cv-104-FRB |
| | ) | |
| TOMMY GREENWELL, BRAD<br>SWIMS and PEMISCOT COUNTY<br>JUSTICE CENTER, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the applications of Sammy Lee Casey-El (CIN 489621409) and Billy J. Mitchell (CIN 491763629)[1]. Plaintiff Casey-El, formerly incarcerated at Pemiscot County Justice Center and presently incarcerated at Cape Girardeau County Jail, and plaintiff Mitchell, incarcerated at Pemiscot County Justice Center, move for leave to commence this action without payment of the required filing fee [Docs. #2 and #3]. For the reasons stated below, the Court finds that the applicants do not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.80 for plaintiff Casey-El and $0.00 for plaintiff Mitchell. *See* 28 U.S.C. § 1915(b)(1).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis

---

[1]Although plaintiffs request that this matter be certified as a class action, plaintiffs have not satisfied the prerequisites to maintaining a class action. *See* FED. R. CIV. P. 23 (a) and (b). Accordingly, the Court determines that this action shall not be maintained as a class action.

is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant Casey-El has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant Casey-El's account statement indicates an average monthly deposit of $44.00, and an average monthly account balance of $30.92. Applicant Casey-El has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee against Casey-El of $8.80, which is 20 percent of applicant Casey-El's average monthly deposit.

Applicant Mitchell has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant Mitchell's account statement indicates an average monthly deposit of $0.00, and an average monthly account balance of $0.00. Applicant Mitchell has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee against Mitchell of $0.00.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiffs seek damages pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights[2]. Defendants Tommy Greenwell, Sheriff; Brad Swims, Jail Administrator; and Pemiscot County Justice Center are sued in their individual and official capacities. Although plaintiffs assert a number of claims, each of them appears to fall within one of five general categories: 1) denial of access to the courts; 2) unconstitutional conditions and restrictions (*e.g.*, restrictions on family

---

[2]Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1981 and 1983; 28 U.S.C. §§ 1331 and 1343; and the Court's pendent jurisdiction. Given the nature of plaintiffs' claims, only § 1983 would appear to provide them with a cause of action.

visitations, cold and inadequate food, limited canteen products and lack of a grievance procedure); 3) lack of gym equipment and outdoor exercise; 4) exposure to mold and spiders; and 5) infringement on religious freedom. Plaintiffs seek monetary, injunctive and other relief.

## Discussion

As a threshold matter, the Court considers whether any of the named defendants may be found liable for the alleged violations of plaintiffs' constitutional rights. Clearly, defendants Greenwell and Swims may not be held liable solely on the basis of their status as sheriff and jail administrator. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits). However, "chief executive officers of penal institutions, such as '[a] prison warden can be held liable for policy decisions which create unconstitutional conditions.'" *Reutcke v. Dahm*, 707 F.Supp. 1121, 1134 (D.Neb.1988) (quoting *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985); *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir.1987) (per curiam). Similarly, the sheriff and jail administrator may be held liable for policy decisions that create unconstitutional conditions. The Court cannot discredit the possibility that defendants Greenwell and Swims were responsible for the policy decisions that created the conditions alleged by plaintiffs to be unconstitutional. *See id.* Thus, defendants Greenwell and Swims may be proper defendants in this matter.

Plaintiffs' complaint against Pemiscot County Justice Center should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Pemiscot County Justice Center is not a suable entity. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a legal entity subject to suit); *cf. Catlett v. Jefferson County*, 299 F. Supp. 967, 968-69 (E.D. Mo. 2004) (subdivision of local government entity that lacks capacity to be sued under applicable state law may not be sued in

federal court under § 1983).  Therefore, plaintiffs' claims against defendant Pemiscot County Justice Center will be dismissed, and the Court will consider plaintiffs' claims against defendants Greenwell and Swims.

### A.    Denial of access to the courts.

Plaintiffs' claim that they have been denied access to the courts should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiffs state that, because there is no law library, their constitutional right of access to the courts has been violated.  Such allegation fails to state a denial of access to the courts claim because there is no indication that either plaintiff has suffered actual prejudice to a non-frivolous case. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Accordingly, plaintiffs' claim as to this issue will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B.    Conditions and restrictions.

Plaintiffs' conditions of confinement claims are legally frivolous or fail to state a claim upon which relief may be granted and must be dismissed.  As the Supreme Court has noted, the Constitution "does not mandate comfortable prisons. . . ." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (*quoting Rhodes v. Chapman,* 452 U.S. 337, 349 (1981); s*ee also Harris v. Fleming,* 839 F.2d 1232, 1235-36 (7th Cir.1988) ( "inmates cannot expect the amenities, conveniences and services of a good hotel").

The conditions described by plaintiffs do not reflect "unnecessary and wanton infliction of pain" or a deprivation "denying the minimal civilized measure of life's necessities." *Wilson,* 501 U.S. at 298 (citations omitted).  Moreover, they do not rise to the level of demonstrating that defendants were deliberately indifferent to plaintiffs' health or safety, *Farmer v. Brennan,* 511 U.S. 825, 828 (1994), or that they acted maliciously for the purpose of causing them harm, *Whitley v.*

*Albers,* 475 U.S. 312, 320-21 (1986).

Plaintiffs' allegations that their visitation rights are restricted to specific hours on the weekend and that they have no contact visits fails to state a claim upon which relief may be granted. "Visitation is a privilege and within the correctional facility's province to administer as it sees fit." *Burke v. Rudnick*, 2000 WL 33339652, *3 (D.N.D. 2000). Moreover, an inmate has no constitutional right to contact visitation. *Harmon v. Auger* 768 F.2d 270, 273 (8th Cir. 1985) (citing *Block v. Rutherford,* 468 U.S. 576, 104 S.Ct. 3227 (1984)). Thus, the restrictions on visitation cited by plaintiffs cannot rise to the level of a § 1983 claim.

While the Court would concern itself with specific allegations of deliberate indifference to serious medical, dental and mental health care needs, plaintiffs' claims are insufficient to state such a claim under § 1983. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (To succeed on a claim for inadequate medical treatment under 42 U.S.C. § 1983, plaintiff must show that defendant was deliberately indifferent to his serious medical needs.). Plaintiffs' allegations are conclusory and identify no serious medical, dental or mental health care needs to which defendants were deliberately indifferent.

As to the alleged lack of a grievance system, "[i]n the context of a state prison system, an inmate grievance procedure is not constitutionally required. If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights." *Spencer v. Moore,* 638 F.Supp. 315, 316 (E.D.Mo.1986) (internal citations omitted).

Accordingly, plaintiffs' claims as to conditions and restrictions of confinement will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**C.      Lack of gym equipment and outdoor exercise.**

6

To prevail on a claim alleging deprivation of adequate exercise, plaintiffs must show that the prison officials were deliberately indifferent to their exercise needs. *Wilson,* 501 U.S. at 298. "Courts in the Eighth Circuit have held that at least one hour of exercise outside the cell each day is required in order to comply with the eighth amendment." *Andrews v. Gunter*, 1987 WL 54372, *3 (D.Neb.1987) (citing *Hutchings v. Corum,* 501 F.Supp. 1276, 1294 (W.D. Mo.1980); *Campbell v. Cauthron,* 623 F.2d 503, 507 (8th Cir.1980)). Plaintiffs do not allege that they are denied adequate opportunity for exercise, only that it is not outdoors. Such claim fails to state a constitutional violation for deprivation of adequate exercise.

A failure to provide gym equipment does not meet the deliberate indifference test enunciated in *Estelle.* 429 U.S. 97, 106. Nor does the lack of such recreation constitute an unlawful condition of confinement. *Anderson v. Coughlin*, 757 F.2d 33, 37 (2nd Cir.1985) (Lack of exercise equipment does not constitutes cruel and unusual punishment.); *see also Rhodes,* 452 U.S. at 347 (only those conditions depriving inmates of the "minimal civilized measure of life's necessities" constitute cruel and unusual punishment).

Accordingly, plaintiffs' claims as to lack of gym equipment and outdoor exercise will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

E.      **Exposure to mold and wood spiders.**

Plaintiffs' claims regarding exposure to mold and spiders also fail. Applying the Eighth Amendment "deliberate indifference" standard, the Court finds that plaintiffs do not allege that any of the defendants, with deliberate indifference, exposed them to levels of mold that posed an unreasonable risk of serious damage to their future health. Nor do plaintiffs allege any specific

incidents or state they have been injured as the result of exposure to mold or spiders. Accordingly, plaintiffs' claim as to this issue will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### F. Infringement on religious freedom.

Plaintiffs assert that some inmates are allowed to marry and others are not, which, according to plaintiffs, infringes on their religious freedom and is discriminatory. However, plaintiffs do not allege that their own religious freedom has been infringed upon or that they have personally been subjected to religious discrimination. Instead, plaintiffs' allegations relate to pretrial detainees generally and to Claude E. Taylor, who is not a plaintiff in this matter. As a general rule, litigants may not assert the rights or legal interests of others. *Johnson v. State of Mo.*, 142 F.3d 1087, 1090-91 (8th Cir. 1998) (citations omitted). The Court does not "speculate regarding the rights

. . . of parties not before the Court." *Id*. at 1091 (quoting *Printz v. U. S.,* 521 U.S. 898, ----, 117 S.Ct. 2365, 2384 (1997). Accordingly, plaintiffs' claim as to this issue will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the application of plaintiff Casey-El to proceed in forma pauperis [Doc. #2] and the application of plaintiff Mitchell to proceed in forma pauperis [Doc. #3] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Casey-El shall pay an initial partial filing fee of $8.80 within thirty (30) days from the date of this order. Plaintiff Casey-El is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an

original proceeding.

**IT IS FURTHER ORDERED** that the Court assesses plaintiff Mitchell an initial partial filing fee of $0.00.

**IT IS FURTHER ORDERED** that plaintiffs' request to maintain the instant action as a class action be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 21st day of September, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**